# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In Re:
Michael Ray Hart &
Debra Ann Hart,
    Debtor(s)
_____/

Case #: __12-10624__
Chapter 13
Hon. Scott W. Dales
Filed: December 10, 2012

## FIRST PRE-CONFIRMATION PLAN AMENDMENT

**HISTORY:**
- The Original Plan was filed January 9, 2013, Docket Number 25.

**PURPOSE:**
- This amended plan changes paragraph III.C.1.a. "Disbursements – Secured Creditors – Real Property – Residential" by changing the Creditor's name from Bank of America to Specialized Loan Servicing, LLC and by changing the Estimated Arrearage from $6,000.00 to $6,497.26.
- This amended plan changes paragraph III.C.1.e. "Disbursements – Secured Creditors – Real Property – Wholly Unsecured Liens" by changing the Senior Loan amount from $110,395.00 to $114,260.03.
- This amended plan changes paragraph III.C.1.a. "Disbursements – Secured Creditors – Treatment of Wholly Unsecured Junior Liens" by removing the 2nd Mortgage claim as it was incorrectly listed under this section.

This amendment affects the referenced paragraphs only. All other provisions of the plan, as amended remain unaffected by this amendment.

III. **DISBURSEMENTS**

   C. **SECURED CREDITORS**

      1. **Real Property:**

         a. **Residential:** Post-Petition Mortgage Payments and Pre-Petition Arrears. The following is the street address and the tax ID parcel # for the Debtor's residential real property:

Property # 1 __440 Pioneer Dr., Litchfield MI 49252 - #30-19-060-001-020__ , Property # 2_____

| Creditor Name | Trustee Pay (Y/N) | Monthly Payment Amt. | Estimated Arrearage[i] | Taxes & insurance escrowed with lender? Y/N |
|---|---|---|---|---|
| #1 Specialized Loan Servicing, LLC | Y | $877.00 | $6,497.26 | Y |
| #2 | | | | |

---

[i] The pre-petition arrearage is an estimate and the Trustee shall pay the pre-petition arrears based on the claim as filed by the Creditor. Any claim filed for pre-petition arrears shall be paid through the Plan over a reasonable period of time and pro-rata with other secured creditors

e. **Wholly Unsecured liens:** The following claims shall be treated as unsecured by this plan since there is no equity in the property to secure the claim. Upon completion of the plan the lien and loan shall be discharged and the lien removed from the property. A copy of this plan and the Trustee's plan completion letter may be recorded with the County Register of Deeds as evidence of discharge of lien. **These creditors are as follows:**

| Property Address | Creditor | Claim Amount [ii] | Property Value | Senior Lien Amt. |
|---|---|---|---|---|
| 440 Pioneer Dr. Litchfield MI 49252 | Citifinancial | $27,000.00 | $94,600.00 | $114,260.03 |
|  |  |  |  |  |

  i. Creditor's claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtors' Chapter 13 Plan.

  ii. The avoidance of Creditor's lien is contingent upon the Debtors' completion of the Chapter 13 Plan.

  iii. Creditor shall retain its lien for the full amount due under the subject loan should the subject property be sold or should a refinance take place prior to the completion of the Chapter 13 Plan.

  iv. Creditor shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code.

  v. In the event that any entity, including the holder of the first lien on the Subject Property, forecloses on its security interest and extinguishes Creditor's lien prior to the Debtor's completion of the Chapter 13 Plan, Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

5. **Treatment of Wholly Unsecured Junior Liens:** To the extent a creditor holding a junior lien has filed a secured claim such claim shall be treated as a general unsecured claim if the value of the collateral is equal to or less than the amount of the senior secured claim, absent an objection by a party in interest. **These creditors are as follows:**

| Property Address | Creditor | Claim Amount [iii] | Property Value | Senior Lien Amt. |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

  i. Creditor's claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtors' Chapter 13 Plan.

  ii. The avoidance of Creditor's lien is contingent upon the Debtors' completion of the Chapter 13 Plan.

  iii. Creditor shall retain its lien for the full amount due under the subject loan should the subject property be sold or should a refinance take place prior to the completion of the Chapter 13 Plan.

  iv. Creditor shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code.

  v. In the event that any entity, including the holder of the first lien on the Subject Property, forecloses on its security interest and extinguishes Creditor's lien prior to the Debtor's completion of the Chapter 13 Plan, Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

---

[ii] This is the Debtor's estimate as to the amount owing to the creditor. The claim shall control as to amount of the debt, subject to an objection filed by a party in interest.

[iii] This is the Debtor's estimate as to the amount owing to the creditor. The claim shall control as to amount of the debt, subject to an objection filed by a party in interest.

Date: 1-29-13

Michael Ray Hart, Debtor

Date: 1-29-13

Debra Ann Hart, Co-Debtor

Date: 2-5-13

Robert W. Dietrich, Attorney for the Debtor(s)